UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>RENTGROW, INC.,<br><br>Defendant. | Case No: 1:23-cv-10572<br><br>**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>**OR, IN THE ALTERNATIVE**<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

**LR 7-1(a) Certification**

The undersigned states that John Doe ("Plaintiff") is unable to comply with LR 7-1(a)'s meet and confer requirements. This motion is, by necessity, being filed concurrently with the Complaint. Thus, the undersigned is unaware of the identity of counsel for Defendant Rentgrow, Inc. ("Defendant" or "Rentgrow").

**Motion**

Plaintiff respectfully moves the Court for leave to proceed with the prosecution of his claim under pseudonym. In the alternative, Plaintiff respectfully moves the Court for entry of a protective order which would require that any reference to his true identity or identifying information be filed under seal.

**Memorandum**

1. Plaintiff's claims are brought under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, *et seq.*, arising out of a tenant screening report that Defendant Rentgrow, Inc. ("Defendant" or "Rentgrow") published to Plaintiff's potential landlord, which falsely

portrayed Plaintiff's criminal record.

2. Pertinent to this motion, Plaintiff's claims involve the details of three criminal arrest records, all of which were set aside and sealed by an Oregon state court pursuant to ORS 137.225.

3. The operation of ORS 137.225 is such that defendants whose arrest records are set aside and sealed are deemed to have not been previously arrested for all purposes of the law.

4. Upon the sealing of a criminal record under ORS 137.225, no one but a judge in the Oregon state court system can access those records. This effectively erases all public record of an individual's criminal history.

5. "As a general matter, Federal Rule of Civil Procedure 10(a) compels parties to identify themselves." *Doe v. Aberdeen Sch. Dist.*, No. 1:18-CV-01025-CBK, 2019 U.S. Dist. LEXIS 158288, at *2 (D.S.D. Sep. 17, 2019) (quoting Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties...")). However, "federal courts have analyzed the question of whether a plaintiff may proceed pseudonymously, and have allowed the practice on certain occasions. These courts have generally looked at the totality of the circumstances to determine whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotation marks omitted) (internal citations omitted). "Relevant factors include, (1) [whether] the plaintiff is challenging government activity; (2) [whether] the plaintiff is required to disclose information of the utmost intimacy; and (3) [whether] the plaintiff risks criminal prosecution through the information contained in the pleading." *Id.* (internal quotation marks omitted) (internal citations omitted).

6. Fundamental to Plaintiff's lawsuit is the fact that, by operation of Oregon law, there is no publicly available record which contains **any** indication of Plaintiff's sealed criminal history. This is, in fact, the primary relief offered by ORS 137.225. Attaching Plaintiff's true name to this lawsuit, if it remains unsealed, would render this relief ineffective by creating a publicly

available record containing specific references to that history.

7. Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required "to disclose information of the utmost intimacy" (*Doe v. Aberdeen Sch. Dist.*, 2019 U.S. Dist. LEXIS 158288, at *2), creating a public record wherein uninterested parties would have access to a criminal record that has been set aside and wiped from public consciousness by operation of Oregon law.

8. In other words, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining statutory protections granted under ORS 137.225, or (2) prosecuting the statutory protections provided by the FCRA. Plaintiff therefore asserts that, under a totality of the circumstances analysis, he has "a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Aberdeen Sch. Dist.*, 2019 U.S. Dist. LEXIS 158288, at *2.

9. In the alternative, Plaintiff requests that the Court enter a protective order. Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public.

10. Specifically, in the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests this Court enter a protective order which would require that any reference to his true identity or identifying information be filed under seal.

## **Conclusion**

For these reasons, Plaintiff respectfully moves the Court for leave to proceed with the

prosecution of his claim under pseudonym. In the alternative, Plaintiff respectfully moves the Court for entry of a protective order which would require that any reference to his true identity or identifying information be filed under seal.

Respectfully submitted this 15th day of March 2023.

**YOUSIF, NICOLA**

*/s/Nicola S. Yousif*
Nicola S. Yousif, MA No. 679545
Shield Law, LLC
157 Belmont Street
Brockton, MA 02301
T: (508) 588-7300
nick@shieldlaw.com
*Attorney for Plaintiff*
*John Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Nicola S. Yousif*