UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,                              ) | Case No: 1:23-cv-10572 |
|                                      **Plaintiff,**       ) | |
| v.                                    ) | |
| RENTGROW, INC.,                       ) | |
|                                      **Defendant.**       ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.1, Defendant RentGrow Inc. ("RentGrow") respectfully requests that the Court deny Plaintiff's motion for leave to proceed with the prosecution of his claim under pseudonym, or in the alternative, Plaintiff's motion for entry of a protective order which would require that any reference to his true identity or identifying information be filed under seal pursuant to Fed. R. Civ. P. 26(c). Plaintiff filed his Motion with the Court on the same day that he filed his Complaint on March 15, 2023. Plaintiff has yet to serve the Complaint upon Defendant's resident agent for service of process in Massachusetts as required by Fed. R. Civ. P. 4(e). Defendant has not waived service. Thus, the time for filing an opposition to Plaintiff's Motion has not begun to run. For the following reasons, this Court should deny Plaintiff's Motion.

## ARGUMENT

I.   **The Court Should Deny Plaintiff's Motion to Proceed Under Pseudonym**

In general, the Federal Rules of Civil Procedure require that "[t]he title of the complaint must name all the parties," Fed. R. Civ. P. 10(a), and that "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a).  "The party seeking pseudonymity bears the burden of rebutting the strong presumption against it." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022).  Plaintiff's Motion fails to rebut that presumption.

Plaintiff claims that a tenant screening report provided by Defendant to Plaintiff's prospective landlord violated the Fair Credit Reporting Act ("FCRA"), 15 U.S. C. §§ 1681 *et seq.* because it included references to criminal records that had been set aside and sealed pursuant to Oregon Revised Statutes § 137.225.  (Pl. Mot. ¶¶ 1–2). Plaintiff asserts that in reviewing the totality of the circumstances, the relevant factors are "(1) [whether] the plaintiff is challenging government activity; (2) [whether] the plaintiff is required to disclose information of the utmost intimacy; and (3) [whether] the plaintiff risks criminal prosecution through the information contained in the pleading." (*Id.* ¶ 5).  Plaintiff asserts that if he cannot proceed under pseudonym, he will be required "to disclose information of the utmost intimacy," because this proceeding would create a public record involving criminal records that are not currently public.  (*Id.* ¶ 7).  Plaintiff makes a conclusory statement that because he cannot prosecute his FCRA claim without revealing the fact of the sealed criminal records, he has "a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." (*Id.* ¶ 8).

Plaintiff has not identified any precedent to support the conclusion that revealing the fact of the sealed criminal records would require Plaintiff to "disclose information of the utmost

intimacy." The only case law Plaintiff cites to is about alleged abuse against children with disabilities. *Doe v. Aberdeen Sch. Dist.*, 2019 U.S. Dist. LEXIS 158288, *5, 2019 WL 4452136 (D. S.D. 2019). The types of cases that the courts have found to involve matters of a highly sensitive and of a personal nature include cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families. *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). On the other hand, even allegations of sexual assault and "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Id.* Revealing the fact of the criminal records does not reveal the type of "information of the utmost intimacy" that would warrant anonymity.

Further, Plaintiff's analysis is incomplete and misstates the law in the First Circuit. In the First Circuit, there are no "sharp, categorical exceptions to the strong presumption against pseudonymity in civil litigation," and "[l]itigation by pseudonym should occur only in 'exceptional cases.'" *Doe v. Massachusetts Inst. of Tech.,* 46 F. 4th at 70. The First Circuit has identified four general categories of such exceptional cases, and Plaintiff's claim does not fall under any of them. "The first paradigm involves a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)." *Id.* at 71. This first paradigm involves cases in which a party demonstrates that identification poses a risk of *retaliatory* physical or mental harm. Plaintiff has not alleged that anyone would retaliate against him if his identity were known or that he would face any unusually severe harm. The potential for future embarrassment or public humiliation are insufficient grounds for anonymity. *Doe v. Skyline Automobiles Inc.,* 375 F. Supp. 3d at 405. "The second paradigm involves cases in which identifying the would-be Doe would harm 'innocent non-parties.'" *Doe v. Massachusetts Inst. of Tech.*, 46 F. 4th at 71. Plaintiff has not

identified any non-party that would suffer a cognizable harm if his identity were revealed. "The third paradigm involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.* Such cases typically involve "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." *Id.*, *quoting In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020). Plaintiff has not alleged that this case involves such issues, nor has he alleged that any future litigant would be deterred from litigating a similar case.

"The fourth paradigm involves suits that are bound up with a prior proceeding made confidential by law." *Doe v. Massachusetts Inst. of Tech.* 46 F. 4th at 71. While Plaintiff may assert that his criminal history (*which he does not dispute or deny*) was set aside and sealed by a court order, the Oregon statute upon which he relies does not apply in this case. That statute provides "[f]or purposes of any civil action in which truth is an element of a claim for relief or affirmative defense, the provisions of subsection (3) of this section providing that the conviction, arrest, citation, charge or other proceeding be deemed not to have occurred *do not apply* . . . . ." Or. Rev. Stat. § 137.225(10) (emphasis added). The fact of his criminal history records is an element of Defendant's affirmative defenses.

> The statute does not, however, impose any duty on members of the public who are aware of the conviction to pretend that it does not exist. In other words, the statute authorizes certain persons to misrepresent their own past. It does not make that representation true.

*Bahr v. Statesman Journal Co.*, 51 Or. App. 177, 180, 624 P.2d 664, 666 (1981).

Finally, Plaintiff claims that he has provided this Court an analysis of the totality of the circumstances, but he entirely ignores the prejudice to the Defendant resulting from a grant of pseudonymity. The First Circuit recognizes that even if a case were to fall within one or more of

4

the paradigms, there may be cases where "either the need for openness or the prospect of serious prejudice to other parties from a grant of pseudonymity overwhelms the movant's privacy concerns." *Doe v. Massachusetts Inst. of Tech.* 46 F. 4th at 72. A grant of pseudonymity would give a jury the impression that the Court thought there was merit to Plaintiff's claims of intangible harms. It would also impair Defendant's ability to identify witnesses and impeach Plaintiff's witnesses.

**II.     The Court Should Deny Plaintiff's Alternative Motion for Protective Order**

Plaintiff's alternative motion for a protective order to require any reference to Plaintiff's true identity or identifying information be filed under seal if Plaintiff's true identity must be named in this proceeding is illogical, and the Court cannot grant it pursuant to Fed. R. Civ. P. 26(c). If Plaintiff is required to reveal his name in his complaint and prosecute his case in his own name pursuant to Fed. R. Civ. P. 10(a) and 17(a), his name will be in the case caption and listed in the Court's docket system. The futility of protecting Plaintiff's true name under this circumstance is sufficient grounds for denying the motion. Further, "[t]here is thus an abiding presumption of access to trial records" and "[o]nly the most compelling reasons can justify the non-disclosure of judicial records." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993). Plaintiff has made no attempt to balance the public's right to access judicial records against his privacy interest. If Plaintiff failed to present sufficient grounds for the Court to permit Plaintiff to proceed with a pseudonym, he also fails to show that his privacy interests outweigh the public's right to know the basis for judicial decisions.

**III.    Conclusion**

WHEREFORE, foregoing reasons, the Court should DENY Plaintiff's Motion to Proceed Under Pseudonym and DENY Plaintiff's Motion for Protective Order.

Respectfully submitted,

**RENTGROW, INC.**

By its attorney,

*/s/ Jed M. Nosal*
Jed M. Nosal
**WOMBLE BOND DICKINSON (US) LLP**
Independence Wharf
470 Atlantic Avenue, Suite 600
Boston, MA 02110
Tel. (857) 287-3175
Jed.Nosal@wbd-us.com

*Counsel for Defendant*

Dated: May 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023 a true and accurate copy of the foregoing document was served through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Jed M. Nosal*
_____
Jed M. Nosal