United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **John Doe,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **23-10572-NMG** |
| **Rentgrow, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff John Doe ("Doe" or "plaintiff") brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against defendant Rentgrow, Inc. ("Rentgrow" or "defendant") for providing plaintiff's potential landlord with a tenant screening report containing information on his criminal arrest records that were set aside and sealed by an Oregon state court. Pending before the Court is plaintiff's motion to proceed under pseudonym or, in the alternative, for a protective order. This motion will be allowed, in part, and denied, in part.

## I.  **Background**

In September, 2021, plaintiff and his wife joined a waiting list for a four-bedroom house at Lakota Community Homes in Rapid City, South Dakota.  Plaintiff and his wife, South Dakota residents, were seeking a larger home to accommodate their growing family of five children.  Lakota Community Homes contains subsidized housing for Lakota tribal members such as plaintiff's wife.  In December, 2022, plaintiff received notice that a four-bedroom house was available.

Lakota Community Homes's property management company, Integrity Management Company, contracts with Rentgrow to conduct tenant screening reports on prospective tenants.  In December, 2022, Rentgrow sold a completed tenant screening report about plaintiff to Lakota Community Homes, which contained plaintiff's credit history, criminal history and civil records history.

The report included information about arrests for felony assault, a felony assault conviction and misdemeanor convictions for harassment, criminal mischief and reckless endangerment of another in Marion County, Oregon.  Those records were set aside and sealed by an Oregon state court judge pursuant to Oregon Revised Statute § 137.225 in May, 2022.  Moreover, Rentgrow's report contained duplicate criminal records, making it appear that plaintiff had double the number of actual convictions.

As a result of the tenant screening report, plaintiff's housing application was denied. Plaintiff disputed the information with Rentgrow and provided Lakota Community Homes with copies of the Oregon judge's orders regarding the set aside and sealing. On December 14, 2022, Rentgrow informed plaintiff that it had issued a corrected tenant screening report to Lakota Community Homes. According to the complaint, Lakota Community Homes had, at that point, already approved plaintiff's housing application based on the documents provided by plaintiff.

In March, 2023, plaintiff filed a one-count complaint against defendant in this Court alleging Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy, 15 U.S.C. § 1681e(b). As alleged in the complaint, plaintiff seeks to recover "actual, statutory and punitive damages as provided by the FCRA," which he describes as

> loss of housing opportunities; loss of time and money as well as labor expended trying to correct the tenant screening report; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

Defendant Rentgrow has a principal place of business in Waltham, Massachusetts and plaintiff alleges a substantial part of the events or omissions giving rise to his claims occurred in

this District.  Plaintiff filed the pending motion to proceed under pseudonym concurrently with the complaint.

## II. Motion to Proceed Under Pseudonym

### A. Legal Standard

There is a "strong presumption against the use of pseudonyms in civil litigation" and pseudonyms may be used only in "exceptional cases." Doe v. Massachusetts Inst. of Tech., 46 F.4th 61, 67, 71 (1st Cir. 2022).  The First Circuit has delineated four paradigms of those "exceptional cases." Id. at 71.  Anonymity may be warranted when: 1) identifying a would-be Doe would cause him "unusually severe harm," 2) identifying a would-be Doe would harm "innocent non-parties," 3) necessary to "forestall a chilling effect on future litigants who may be similarly situated" and 4) the lawsuit is "bound up with a prior proceeding made confidential by law." Id. at 71-72.

### B. Application

Plaintiff seeks to bring his FCRA claim anonymously to avoid disclosure of his expunged criminal record.  Defendant opposes, arguing that revealing the existence of the sealed criminal records is not the kind of intimate information that warrants anonymity.

Although plaintiff's motion uses a District of South Dakota case heading and cites South Dakota law, the Court will consider the motion under First Circuit precedent.

The Court disfavors allowing civil litigants to proceed pseudonymously. Id. at 68 ("Judicial hostility to a party's use of a pseudonym springs from our Nation's tradition of doing justice out in the open, neither 'in a corner nor in any covert manner.'" (quoting Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 567 (1980))).  If plaintiff intends to pursue a civil remedy, he or she should do so openly. Moreover, plaintiff fails to demonstrate how his request for anonymity satisfies the First Circuit's high standard for "exceptional cases."

The plaintiff will not be allowed to proceed anonymously but, pursuant to a protective order, will be allowed to redact sensitive information in pleadings filed in open court.

**ORDER**

Plaintiff's motion to proceed under pseudonym (Docket No. 2) is **DENIED** but his alternative motion for a protective order (Docket No. 2) is **ALLOWED**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated:  July 5, 2023